Opinion of the Court, by
Judge Logan.
THIS was an action of trover, for certain hogs, the property of the defendant in error, which had come to the possession of Outton, and were by him converted to his own use. The first question presented for our consideration, is the refusal of the court to grant a new trial, on the ground of excessive damages. In touching on this point, we are aware that it should be done with great caution, and an eye unfavorable to new trials. To preserve the trial by jury sacred and inviolate, is certainly the duty of the court; but it is likewise its duty, to apply the proper and legal corrective to the occasional excesses into which juries sometimes run, by setting aside their verdicts and awarding new trials.
In actions of tort sounding in damages merely ideal and speculative, and those actions in which there is a certain criterion or measure to assess the damages, a material difference exists. 2 Wil. 248, Hard. Rep. 587. This distinction seems well founded; for whilst it guards against an improper and arbitrary interference by the courts with the province of juries, in cases unsusceptible of any certain measure or criterion of damages, it keeps up a salutary check to the improper prejudices, passions or feelings of juries, in the prostration of all certain measure, and substituting feeling only, as the limit of assessment.
In the present case, the property in question was worth only from about ten to fifteen dollars, and the *137 verdict is for £99 99. Without being understood to say that the jury should have been precisely confined to the actual value of the hogs, and interest on that amount, still that value served as a certain means or guide to guard against a total departure from the subject-matter in demand. A latitude to the jury, of a reasonable allowance, according to the thing in controversy, and nature of the circumstances of the case, beyond the real value of the property, ought to be given; and without its just and reasonable exercise, would often fail to do justice between the parties.
In applying these observations to the case before us, we cannot but say, that the value of the hogs and the verdict of the jury bear too great a disproportion, to justify the one by the other, with a due allowance, without running into imaginary extravagances of calculation, dictated rather by feeling than deliberate judgment. We are, therefore, of opinion that the court below ought to have granted a new trial, and that, for this cause, the judgment must be reversed.